1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MR. ALIEU JATTA, an individual, | Case No. C22-163-RSM |
| Plaintiff, | ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL |
| v. | |
| RABANCO LTD., a Washington Public Utility Corporation, dba ALLIED WASTE SERVICES OF NORTH AMERICA, a Foreign Limited Liability Company, and REPUBLIC SERVICES, INC., a Foreign Limited Liability Company, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Alieu Jatta's Motion for Voluntary

Dismissal pursuant to Rule 41(a)(2).  Dkt. #6.  Defendants have not pled any counterclaims.

Federal Rule of Civil Procedure 41(a)(2) provides, in pertinent part:

> …an action may be dismissed at the plaintiff's request only by
> court order, on terms that the court considers proper… Unless the
> order states otherwise, a dismissal under this paragraph (2) is
> without prejudice.

This rule "allows a plaintiff, pursuant to an order of the court, and subject to any terms and

conditions the court deems proper, to dismiss an action without prejudice at any time."

*Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) (citing *Stevedoring*

*Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989)).  When ruling on a

ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL - 1

motion to dismiss without prejudice, "the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Id.* (citing *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)).   Legal prejudice has been defined as "prejudice to some legal interest, some legal claim, some legal argument…. [u]ncertainty because a dispute remains unresolved is not legal prejudice." *Id*. at 97.  "[T]he expense incurred in defending against a lawsuit does not amount to legal prejudice." *Id*.  Also, "plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001).

Defendants oppose this Motion, arguing that Plaintiff's intended purpose is to seek dismissal so he can refile this matter in state court omitting the federal claims he has asserted in this complaint now that the deadline to make a jury demand has expired.  Dkt. #10 at 2.

The Court finds that Defendants have failed to demonstrate legal prejudice, that Plaintiff dropping a federal claim does not constitute legal prejudice here, that Plaintiff's tactical advantage of proceeding in state court with a jury does not constitute legal prejudice, and that dismissal should be granted under the facts of this case.  The expense Defendants incurred in defending against this lawsuit does not amount to legal prejudice.  The Court finds that the fees and costs associated with "removing the case to federal court, preparing the answer to the complaint, attending the Rule 26(f) conference, preparing the Joint Status Report, attending multiple meet and confer conferences for the purposes of addressing jurisdiction, and preparing the present opposition to the Motion" are relatively minimal and that Defendants

ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL - 2

have failed to set forth a valid basis to impose those fees and costs on Plaintiff given the facts of this case.

Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Voluntary Dismissal, Dkt. #6, is GRANTED. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.  This case is CLOSED.

DATED this 25th day of April, 2022.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL - 3